IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ERIK DEMETRIUS WHITE,

    Plaintiff,

v.

KEITH TANULA,

    Defendant.

OPINION and ORDER

14-cv-759-wmc

Plaintiff Erik Demetrius White is proceeding to trial *pro se* on a claim that defendant Keith Tanula used excessive force against him on June 19, 2013, while he was confined at the Douglas County Jail in Superior, Wisconsin. On October 25, 2017, the court denied defendant's motion for summary judgment because the parties' submissions, including video footage of the incident, left genuine disputes of material fact regarding whether defendant's use of force was excessive, and the defendant had not shown that he is entitled to qualified immunity. Specifically, the court concluded there were genuine factual disputes regarding: (1) whether White threatened Tanula or instigated the physical altercation; (2) whether there was a need for Tanula to use force; and (3) whether White was injured as a result of the incident. Now before the court is defendant's motion for reconsideration (dkt. #58), which will be denied.

BACKGROUND

On November 21, 2017, after the court issued its summary judgment opinion, Tanula served on White additional discovery requests, including Requests for Admission, Interrogatories and Requests for Production. Among other things, the requests for

1

admissions asked White whether: (1) he yelled at Tanula "That's my fucking family, nobody is getting those" in reference to White's photographs on his cell wall; (2) White moved toward Tanula and started punching him when he saw that Tanula placed his hand on his O.C. spray; (3) when Tanula and Lobermeier had White on the ground and were attempting to secure his arms, White continued to physically resist against them; (4) Tanula did not use O.C. spray on White while he was on the cell floor; (5) White told Douglas County Jail officers that he would not have assaulted Tanula if he had not demanded that you remove the photographs from his cell walls; and (6) White responded "no" when jail officers asked him if he was injured or needed to see a nurse. Tanula's request for production included authorizations seeking White's medical records and for jail files from other institutions.

Tanula explains that White's response to these discovery requests was not substantive. Instead, White provided a one-page response labeled "Plaintiff's Answers to Defendant's Interrogatories and Request for Production of Document." (Dkt. #49.) In it, White listed three general objections, as well as a blanket objection to "all interrogatories," that referred Tanula to "the complaint and other filings that tell Plaintiff's version of what happened." (*Id.*) White also stated that the "defendants are not asking for discovery, they are asking for Admissions." (*Id.*) While White references the request for production, White states that he refused to sign authorizations for medical and mental health records because they are not relevant.

2

OPINION

Tanula's position is that because White did not properly respond to the discovery requests, these requests are deemed admitted and summary judgment should be entered in his favor. Therefore, Tanula seeks reconsideration of the court's order on summary judgment on the basis that "a controlling or significant change in the law or facts since the submission of the issue to the Court" exists. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). While White has not responded to the motion yet, the court remains unpersuaded that White's response to Tanula's most recent requests for admission constitutes sufficient new evidence to warrant reconsideration of its motion for summary judgment, although it may be grounds to direct a verdict if White fails to cure his inadequate responses.

Under Federal Rule of Civil Procedure 36, a party may serve a written request on another party for an admission of the truth of any matters properly subject to discovery in the case. Under Rule 36(a), the party served has 30 days to respond, and the failure to respond results in the matter being admitted, "unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing," the party upon whom the request is directed serves a written answer signed by that party or an objection signed by the party or the party's attorney. More specifically, Rule 36(a)(4) states an answer to each request must either admit, deny, assert a lack of knowledge, or explain why a matter cannot be admitted or denied, while Rule 36(a)(5) permits a party or counsel to respond by providing grounds for objecting to the

request.

When a matter is deemed admitted, it is "conclusively established unless the court on motion permits withdrawal or amendment of the admission."

> [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

Fed. R. Civ. P. 36(b). While "it is [] well established that pro se litigants are not excused from compliance with procedural rules," *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008), courts may afford *pro se* litigants in particular the opportunity to avoid the consequences of failing to respond to Rule 36(a) requests to admit. *See Brown v. Hertz*, No. 07-cv-117, 2009 WL 1748505, at *4 (S.D. Ill. June 22, 2009) (citing *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992)).

On the facts here, deeming all of Tanula's requests admitted, and effectively granting judgment in Tanula's favor as a result, would be overly harsh for multiple reasons. As an initial matter, White is proceeding *pro se* and may not have understood that he needed to respond separately to each of Tanula's requests for admissions. Indeed, while the requests for admissions cite to Rule 36, it did not include a warning to White that the failure to respond to each request would result in them being deemed admitted, language typical in most such requests even when a *pro se* litigant is not involved. Additionally, White has already disputed Tanula's version of events in opposing Tanula's motion for summary judgment. Finally, White *did* respond by objecting to the request to admit consistent with Rule 36(a)(5), meaning defendant's next step should have been to move

4

to strike the objection and compel responses, not to immediately seek dismissal as a sanction, much less move for reconsideration of the court's summary judgment decision. Accordingly, the court is wholly unpersuaded that Tanula's purported "new evidence" is the type that warrants reconsideration of the summary judgment denial, but will give White fourteen (14) days to respond substantively to the requests to admit or face possible dismissal of his case.

In that regard, the court will take this chance to remind Tanula that it has repeatedly declined to recruit counsel for White, because this case is straightforward, with White's principal obligation being limited to providing averments about his version of the events surrounding his excessive force claim against Tanula. Accordingly, the court has afforded White some amount of leeway in litigating his claim, and it would expect the same type of behavior by opposing counsel as an officer of the court unless in conflict with ethical duties to their own client. Tanula's motion for reconsideration -- lacking any record that he attempted to resolve this recent discovery dispute informally with White, much less move the court for an order to compel -- strikes the court as an attempt to exploit White's obvious lack of familiarity with procedural matters. As this case proceeds to trial, the court will expect better. While this means White must do his level best to abide by the Federal Rules of Civil Procedure and Evidence, Tanula and his counsel should focus on the substance of the claim against him, cooperating with White where possible, rather than run him through procedural hoops.

ORDER

IT IS ORDERED that Defendant Keith Tanula's motion for reconsideration (dkt. #58) is DENIED and White may have fourteen (14) days to file substantive responses to the requests to admit or face an order to show cause why the case should not be dismissed for failure to prosecute.

Entered this 27th, of April, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge