IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ERIK DEMETRIUS WHITE,

    Plaintiff,

    v.

KEITH TANULA,

    Defendant.

ORDER

14-cv-759-wmc

*Pro se* plaintiff Erik Demetrius White is proceeding to trial on an excessive force claim during his confinement at the Douglas County Jail in Superior, Wisconsin, in June of 2013. In an order dated May 3, 2018, the court indicated that it would consider issuing subpoenas for the attendance of Sara Lobermeier, T. Johnson and Nurse Patti at trial, and it directed defendant's counsel to apprise the court of contact information for those potential witnesses. Responding accordingly, counsel indicated that Lobermeier now resides out of state, in Duluth, Minnesota, and Johnson still works at the Douglas County Jail in Superior, Wisconsin. As for "Nurse Patti," counsel was unable to provide current contact information and could not verify her current employer. For the reasons that follow briefly, the court is denying the requests for subpoenas of Nurse Patti, and directing White to provide more information as to his request for subpoenas of Johnson and Lobermeier.

First, defendant's counsel has been unable to locate Nurse Patti, although indicating this potential witness's full name is believed to be Patti Hierl. As Hierl's employment and location remain unclear, White's motion for a subpoena will be denied. White is free to

1

renew his request to subpoena Hierl if he is able to provide more detailed information about her identity and current location. Should White renew his motion, he needs to follow the instructions on requesting a subpoena set forth in the Trial Preparation Order. Specifically, the order directs White to accompany any request for a subpoena for the appearance of an unincarcerated witness with an affidavit declaring that: (1) the witness refuses to testify voluntarily; (2) White either made arrangements for a person to serve the subpoena or that he needed the United States marshal to serve it; and (3) White is prepared to tender to the Marshal a check or money order made payable to the witness in an amount necessary to cover the daily witness fee and the witness's mileage, as well as costs for room and meals if the witness's appearance at trial will require an overnight stay. (*See* Trial Prep Order (dkt. #54) at 18-19.) The reason for these requirements is that the court will not require a witness to incur the costs associated with being compelled to appear to testify at trial. Accordingly, in evaluating whether he wants to renew his request for a subpoena for Hierl, White should consider whether her testimony is important enough for him to incur the costs of appearance.

As to Lobermeier, the court may not have the authority under Federal Rule of Civil Procedure 45 to order her to appear at trial. Under Rule 45(c), a subpoena may command a person to attend a trial only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person is a party or a party's officer, or is commanded to attend a trial and could not incur substantial

expense. Here, Lobermeier is no longer employed by the jail, and Duluth is located more than 100 miles from Madison, Wisconsin, where trial is scheduled to take place.[1] However, the court would consider issuing a subpoena for requiring Lobermeier's appearance to testify at trial via videoconference from the Duluth federal courthouse, subject to the following concerns.

While the court may be willing to direct subpoenas for Johnson and Lobermeier, the problem is that the Trial Preparation Order required White to accompany his requests for subpoenas with more information than he has provided to date. Most importantly, White has not yet averred that he is prepared to tender to the Marshal a check or money order made payable to Johnson and Lobermeier in an amount necessary to cover the daily witness fee and Johnson's mileage. Even assuming the court requires their appearance to testify via videoconference from the Duluth federal courthouse, this would require White to show that he can provide checks in the amount of $40 for each witness plus mileage for Johnson, which costs $.57 per mile. Therefore, the court will direct White to indicating ability to submit those checks to the court or show cause as to why he cannot do so by June 11, 2018.

---

[1] The court recently determined that it would be necessary to hold the trial at the federal courthouse in Madison, Wisconsin, instead of the Eau Claire, Wisconsin, federal courthouse, for security reasons. This change would not empower the court to order Lobermeier to appear in person at trial because Eau Claire is also more than 100 miles away from Duluth.

ORDER

IT IS ORDERED that:

1. Plaintiff Erik White is DIRECTED to submit an affidavit representing that he is able to pay Lobermeier and Johnson a reasonable witness fee and their mileage costs associated with appearing for trial or show cause why he cannot meet that requirement. **If White does not submit this information by June 11, 2018, the court will deem his motion requesting a subpoena for their testimony withdrawn.**

2. Plaintiff's request for a subpoena for "Nurse Patti" is DENIED without prejudice.

Entered this 25th day of May, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge