IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ERIK DEMETRIUS WHITE,

    Plaintiff,

    v.

KEITH TANULA,

    Defendant.

ORDER

14-cv-759-wmc

*Pro se* plaintiff Erik Demetrius White is proceeding to trial against defendant Keith Tanula on an excessive force claim that occurred during his confinement at the Douglas County Jail in Superior, Wisconsin, in June of 2013. On May 25, 2018, the court explained that it would consider issuing subpoenas for the videoconference testimony at trial of Sara Lobermeier and/or Timothy Johnson, who are both otherwise outside the court's subpoena powers, but directed White: to show that he can pay the witness fees and mileage for their appearances; *or* to show cause as to why he cannot meet that requirement. (Dkt. #75.) In response, White submitted a declaration averring that he cannot pay those amounts. (Dkt. #78.) For the reasons that follow briefly, the court is not persuaded that White cannot pay the witness fees and costs associated with the witness's appearances. Thus, unless White remits a check to cover their witness fees and mileage costs as instructed below, the court will not direct the clerk to issue a subpoena for either witness.

Based on the defendant's submission related to the locations of Johnson and Lobermeier (and assuming that this will be a one-day trial), the estimated total cost of their

1

appearances via videoconference from the Duluth federal courthouse would be **$42.40 for Lobermeier and $45.70 for Johnson.**

White's affidavit does not suggest that he is unable to pay the $88.10 that it would cost for their testimony at trial. He represents that he is incarcerated and does not have an institution job despite receiving $1500 every two weeks, because that amount is not accessible to him and is instead directed towards his "gate fee," which means he only receives $7 every two weeks to buy what he needs. (Dkt. #78.) Since the $1500 figure appeared inherently contradictory to White's claim that he cannot pay, the court obtained his trust account statement for the past month from the Minnesota DOC. That statement shows White actually receives only approximately $15.00 every two weeks, meaning that White's "$1500" statement was missing a period and his biweekly income is limited.

However, White appears to have multiple, other sources of income: the statement shows that in June, White received two $50 payments from two different individuals, and one $90 payment from a third individual. White neither acknowledged these deposits nor explained why he could not use this money to cover the subpoena fees, much less reach out to these individuals for additional sums to help with this lawsuit.

Furthermore, while White claims that he cannot access all of his money because of his "gate fee," that simply is not the case. The court understands the "gate fee" to refer to "gate money," which is the term the Minnesota Department of Corrections uses to describe "the amount of money a qualifying adult offender must save for release, currently set at $500." Minn. DOC Policy § 300.1001. Pursuant to that policy, until his account

reaches certain minimum balances, a percentage of his income is designated gate money. White's end of June gate saving account shows that a portion of his wages are indeed being funneled to his gate money, but certainly not all of it. Rather, the statement shows that *none* of the $190 White received from sources outside the prison was directed out of his spending account. Accordingly, the court is unpersuaded that White lacks the resources or ability to pay the fees and costs for Johnson's and Lobermeier's appearances. The court will issue a subpoena for Johnson's and Lobermeier's testimony via videoconference only if White remits checks made out to each witness to cover their respective fees and costs on or before **July 9, 2018**, or provides further information under oath showing why he cannot afford to do so.[1]

As White proceeds, he should also think through the benefit of pursuing both of these witness's testimony at trial, especially because he appears not to know what each of them will say or even whether they remember the incident. If Lobermeier remembers the incident, her testimony could be relevant to White's claim because the video recording of the incident shows that Lobermeier witnessed the altercation between White and Tanula, and it is unclear whether she submitted a written report about the incident. On the other hand, Johnson's knowledge may be only minimally relevant, as well as less helpful. White seems to believe that Johnson may be able to testify about the extent of White's injuries, but White can testify about this information himself. Moreover, one of White's exhibits

---

[1] Should either amount overestimate the witness's actual mileage, the Clerk of Court will issue White a refund.

is Tanula's incident report, which contains a statement written by Johnson. Between White's own testimony and the report, White should be able to submit evidence related to the injuries he suffered without the addition of Johnson's testimony.

Still, White is free to decide how he wants to proceed, understanding that he may be wise to pursue only testimony that he is confident will be helpful to his claim. If White decides that he still wants one or both of these witnesses to testify, he can simply send the check(s) for the desired witness or show cause why he cannot. In the alternative, if White completely reconsiders his desire to have one or both witnesses testify, he need not file anything by the deadline set forth below, and the court will consider his requests for subpoenas of these witnesses withdrawn.

ORDER

IT IS ORDERED that:

1. By **July 9, 2018,** plaintiff Erik White is DIRECTED to remit to the court checks in the amount of $42.40 made out to "Sara Lobermeier" and/or $45.70 made out to "Timothy Johnson," to cover their witness fees and mileage costs, or submit a sworn statement explaining in more detail why he cannot.

2. If White submits those checks or provides a new, sufficient showing of his inability to do so, the clerk of court is DIRECTED to issue subpoenas for Johnson's and/or Lobermeier's appearances at the August 6, 2018, trial, using the U.S. Marshal to serve the subpoenas on those witnesses.

3. The subpoenas shall direct that witness to appear that day by 10:30 a.m. at the Duluth federal courthouse to testify via videoconference at that time.

Entered this 29th day of June, 2018.

> BY THE COURT:
>
> /s/
> _____
> WILLIAM M. CONLEY
> District Judge