IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
------------------------------------------------------------
ERIK DEMETRIUS WHITE,

    Plaintiff,                                                      OPINION & ORDER

    v.                                                                          14-cv-759-wmc

KEITH TANULA,

    Defendant.
------------------------------------------------------------

*Pro se* plaintiff Erik Demetrius White is proceeding to trial on August 6, 2018, against defendant Keith Tanula on his excessive force claim arising out of an incident during his confinement at the Douglas County Jail in Superior, Wisconsin, in June of 2013. In anticipation of further discussion at the final pretrial telephonic conference today at 1:30 p.m., this order: provides an overview of court's attached proposed voir dire, introductory instructions, liability instructions and special verdict on liability; resolves Tanula's two motions in limine (dkts. ##82, 84); and addresses a few logistical issues related to the trial.

I.     **Voir dire, jury instructions, and special verdict forms**

Only defendant Tanula submitted proposed voir dire, jury instructions and verdict forms. The court has reviewed and incorporated most into court's proposed trial materials, with some modifications. For instance, the court pared down defendant's proposed voir dire related to whether an officer should be held liable for damages in using force, as these questions become repetitive and unnecessary. As to the proposed jury

1

instructions, the majority of defendant's questions are incorporated into the court's standard instructions. In addition, instead of using Tanula's proposed excessive force instruction, the court's proposed instruction is drawn from the 7th Circuit Pattern Instruction Civil 7.18 (Aug. 2017 rev.). Similarly, the court will use 7th Circuit Pattern Instruction Civil 7.26 (Aug. 2017 rev.) for compensatory damages. The court's proposed special verdict form also is limited to the ultimate issue the jury must answer to decide liability in this case. To the extent the parties wish to discuss these materials further, the court will take them up at the final pretrial conference. The court will also circulate damage instructions and special verdict in advance of trial, which will be discussed while the jury is deliberating on liability.

## II. Motions in limine

White filed no motions in limine, while Tanula filed two. First, Tanula seeks an order excluding White from relying on expert testimony or opinions, and precluding White from testifying on matters that require expert testimony to either support his excessive force claim or his claim for damages. (Dkt. #82.) Tanula points out that White has failed to make any expert disclosures as required by Federal Rule of Civil Procedure 26, but claims that White plans to submit opinions from doctors and/or healthcare providers related to plaintiff's alleged "depression sleep disorder" and "stress" arising from the altercation with Tanula in 2013.

Tanula also points out that White's responses to his discovery requests provided no information about White's physical or mental health. Instead, White responded in vague terms, stating that there were "no serious injuries[,] chest pains[,] a few cuts" on his face and arms, and that he had no medical or hospital expenses, and no permanent injury. (Ex. A to Mills decl. (dkt. #83-1) at 3-5.) For this reason, Tanula asks that the court exclude any testimony regarding medical or mental health diagnoses, causation or treatment, as those areas require expert, rather than lay, witness testimony. *See Cyrus v. Mukwonago*, 624 F.3d 856, 863-64 (7th Cir. 2010) (in a circumstance where the victim of excessive force died, expert testimony would be necessary to prove that the excessive force actually caused the death).

Tanula requests are appropriate to a point. White will be barred from introducing any expert testimony or opinions regarding his physical and/or mental health. The court will also not permit White to "diagnose" himself, but White will not be precluded from testifying about what he personally experienced, physically and mentally, during and after his altercation with Tanula. To the extent that White's testimony is inconsistent with his discovery responses, Tanula will also be permitted to introduce those responses into evidence as admissions of a party opponent, as he apparently plans to do.

Accordingly, the court will grant Tanula's motion as follows: White will be precluded from introducing expert testimony or opinions related to the physical or mental injuries he suffered as a result of the June 2013 altercation with Tanula. While White will be able to describe the details of his injuries and feeling, and his own experiences

subsequent to the incident during the damage phase of trial, White cannot testify about any diagnosis he received. The court will reserve as to introduction of any medical records related to the incident until the final pretrial conference, although it does not appear that Tanula expects to introduce any.

In his second motion, Tanula seeks an order barring White from submitting any evidence that has not been disclosed as required by this court's trial preparation order, unless used for impeachment purposes. (Dkt. #84.) White has not opposed the motion, likely because on May 18, 2018, he submitted his exhibit list (dkt. #73), which included only the video footage of the incident, the jail policy for restraints, and Tanula's incident report. Accordingly, this motion will be granted.

## III. Trial logistics

Finally, there are a few logistical issues worth addressing. First, the court has granted White's request for a subpoena for the appearance of Sara Lobermeier at trial. Specifically, a subpoena for her appearance at the Duluth federal courthouse at 10:30 a.m. on Monday August 6, 2018, has been served on Ms. Lobermeier. The court anticipates that White will be able to begin his case-in-chief at approximately 11:00 or 11:30 a.m., if not before, on August 6. Since Lobermeier's videoconference testimony will require coordination with staff in the Duluth courthouse, the court asks that White plan to call her for testimony as the first witness in his case-in-chief. Subject to any modifications at today's final pretrial conference, White should expect to proceed accordingly.

Second, although White has not requested it, the court will permit White to dress in street clothes for trial, provided that he has access to them. This is White's responsibility alone, although the clerk's office may have some clothing that *may* be suitable, depending upon fit.

Finally, the court will direct the U.S. Marshals to restrain White as necessary, though preferably using an electronic stun band or belt under his clothing while in the jury's presence.

ORDER

IT IS ORDERED that:

1. Defendant Keith Tanula's motion in limine regarding expert testimony (dkt. #82) is GRANTED in part, DENIED in part, and RESERVED in part as set forth above.

2. Defendant's motion in limine regarding exhibits (dkt. #84) is GRANTED.

3. The court is attaching its proposed voir dire, jury instructions and special verdict forms for discussion at the final pretrial conference.

Entered this 3rd day of August, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge